■ In the Matter of AMERICAN ASPHALT DISTRIBUTORS, INC., Appellant, v. COUNTY OF OTSEGO et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered June 22, 1972 in Otsego County, which dismissed an application pursuant to CPLR article 78 to annul a determination made by Otsego County rejecting all bids on a contract for asphalt materials. On March 14, 1972 respondents sought competitive bids for various highway materials and appellant, along with two other bidders, submitted bids in compliance with the specifications and instructions to bidders. Appellant was the lowest bidder on three of the seven items for which bids were sought. The respondents subsequently rejected all bids because of an apparent degree of unfairness of competition in that one of the bidders previous to the submission of bids had revealed to various municipalities in the County of Otsego the price which it would accept for the sale of similar material and the opportunity for this information to become known to competing bidders was too great to overlook. The applicable statutes require the award of the contract to the lowest responsible bidder (County Law § 408-a; General Municipal Law, § 103) unless the board in its discretion rejects all bids and readvertises for new ones (General Municipal Law, § 103, subd. 1). "Although the courts generally will not disturb an honest exercise of discretion, it has been said that they will intervene to prevent the arbitrary rejection of a bid when its effect is to defeat the object to be obtained by competition" (10 McQuillin, Municipal Corporations [3d rev.], § 29.77, p. 439; see *Reister* v. *Town of Fleming,* 32 A D 2d 733). There was no reasonable basis for the rejection of all bids in the within matter. The evidence at the hearing held by the court below shows that none of the other bidders had knowledge of the contents of the unsolicited letter and, despite the price quotation in that letter, the bids on this item by the two competing bidders, representing 75% of the contract requirement, were higher than the advance quotation. As this reason was admittedly the sole basis for rejection, the action of respondents was arbitrary and capricious

and cannot be sustained. Judgment reversed, on the law and the facts, and petition granted, with costs. Greenblott, J. P., Cooke, Sweeney and Kane, JJ., concur: Simons, J., not voting.